IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Daniel Healing, )<br>)<br>            Plaintiff, )<br>)<br>vs. )<br>)<br>Tom Napier; Jo Anne B. Barnhart; )<br>Patrick P. O'Connell, Jr.; Judge )<br>Benjamin Barnes, )<br>)<br>            Defendants. )<br>_____) | Civil Action No. 8:05-2744-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for "Emergent Temporary Restraining Order." The plaintiff is proceeding *pro se.* Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

According to his complaint, the plaintiff "temporarily retired" in 2000 and applied for Social Security benefits. He has received Social Security retirement benefits since January 1, 2001. His next benefits check is due September 28, 2005.

On August 29, 2005, the plaintiff received a letter from the Social Security Administration (SSA) by which he was informed

> Beginning January 2005, the law prohibits us from paying Social Security benefits to individuals who have an outstanding arrest warrant for a crime which is a felony (or, in jurisdictions that do not define crimes as felonies, a crime that is punishable by death or imprisonment for a term exceeding 1 year), or who have violated a condition of probation or parole under Federal or State law. We have information that you falls [sic] into one of these categories.

> We are writing to tell you that we plan to stop your Social Security benefits.
>
> Based on the information we have, we should have stopped the Social Security benefits beginning January 2005.

(Compl. ex. 1-9 at 1). The SSA letter further explained that a district court in Palmer, Massachusetts, issued a warrant for his arrest on February 17, 1998, for "a nonviolent and nondrug-related crime" (compl. ex. 1-9 at 1). The letter also provided the warrant number, originating case number and National Crime Information Center number.

Significantly, the letter further provides that the plaintiff will receive his benefits if he contacts the SSA at any time, meets all of the benefits eligibility requirements, and can show the SSA within 90 days from the date he contacts them that any of the following apply:

> • The warrant was issued incorrectly in your name because someone stole your identity. To prove this submit a copy of the police report you filed as a victim of identity theft or another official document from the court or the warrant issuing agency stating that the warrant was erroneously issued in your name.
>
> • You were found not guilty of the criminal offense. To prove this submit a copy of the court docket indicating you were found not guilty of the criminal charges or a copy of the court decision showing that you were found not guilty of the criminal charges.
>
> • The underlying charges relating to the criminal offense were dismissed. To prove this, submit a copy of the court docket indicating charges were dismissed or another official court or law enforcement agency document stating that it dismissed the criminal charges.
>
> • The warrant for your arrest for the criminal offense was withdrawn. To prove this, submit a copy of the court docket or another official document from the warrant issuing agency indicating the warrant in question was withdrawn.
>
> • You were otherwise cleared of the criminal offense. To prove this, submit a copy of the court docket or other court document indicating you were cleared of the criminal charges.

(Compl. ex. 1-9 at 2). If none of these options apply, the letter further explains that the SSA may pay the plaintiff if he contacts the agency within 12 months from the date of the letter, meets all of the benefits eligibility requirements and can show:

> • The crime for which the warrant was issued or the probation or parole violation was both nonviolent and not drug related and, if a probation or parole violation is involved, the original crime(s) for which you were paroled or put on probation was both nonviolent and not drug related. And
>
> • You have neither been convicted of nor pled guilty to another felony crime since the date of the warrant. And
>
> • The law enforcement agency that issued the warrant reports that it will not extradite you for the charges on the warrant or that it will not take action on the warrant for your arrest. Or
>
> • The crime for which the warrant was issued or the probation or parole violation was both nonviolent and not drug related and, if probation or parole violation is involved, the original crime(s) for which you were paroled or put on probation was both nonviolent and not drug related. And
>
> • You have neither been convicted of nor pled guilty to another felony crime since the date of the warrant. And
>
> • The only existing warrant was issued 10 or more years ago. And
>
> • Your medical condition impairs your mental capability to resolve the warrant; or you are incapable of managing your benefits; or you are legally incompetent; or Social Security has appointed a representative payee to handle your benefits or you are residing in a long-term care facility, such as a nursing home or mental treatment/care facility.

(Compl. ex. 1-9 at 3). Finally, the letter explains that if the SSA does not hear from the plaintiff within 30 days from the date of the letter, the agency will assume the information in the letter is correct and will stop his Social Security benefits. The letter explains that the SSA will send another letter at that time explaining the change in benefits, the amount of overpayment and how to appeal the decision. The letter concludes by providing the plaintiff

with the telephone number for his local SSA office as well as a toll-free number for specific questions about his case (Compl. ex. 1-9 at 4).

The plaintiff presents his claims as a civil rights case; however, it appears that it is actually a termination of benefits case in which the plaintiff seeks review of the final decision of the Commissioner of Social Security, assuming that the Commissioner had issued a final decision. The plaintiff, proceeding *pro se*, filed his complaint and motion for "emergent temporary restraining order" on September 22, 2005. Specifically, he seeks an order "immediately restraining defendants, their agents and others acting in coercion, from denying, delaying, and or in any manner, preventing Petitioner's receipt of his next Social Security benefits and there after until further order of this court" (pl. M-1).

In determining whether to grant injunctive relief prior to trial, a court must consider four factors:

> (a)   The plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b)   whether the plaintiff will suffer irreparable injury if the injunction is not issued;
>
> (c)   the injury to the defendant if the injunction is issued; and
>
> (d)   the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002) (citing *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193-95 (1977)). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Id.* (citing *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 859 (4th Cir. 2001); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991).

> If the balance of the hardships "tips decidedly in favor of the plaintiff," *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d

4

> 353, 359 (4th Cir. 1991) (internal quotation marks omitted), then typically it will "be enough that the plaintiff has raised questions to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation, and thus for more deliberate investigation," *Blackwelder*, 550 F.2d at 195 (internal quotation marks omitted). But if the balance of hardships is substantially equal as between the plaintiff and defendant, then "the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success." *Direx*, 952 F.2d at 808 (internal quotation marks omitted).

*Scotts*, 315 F.3d at 271 (footnote omitted).

Here, the plaintiff has not made a strong showing that he will suffer irreparable injury if the temporary restraining order is not issued. The plaintiff claims that he is a victim of "misidentification" and has been confused for another person of the same name and same birth date (compl. ¶ B07). He acknowledges, however, the steps identified by the SSA to prevent termination of his benefits, but does not indicate whether or not he is pursuing those options (compl. ¶¶ 10-11). He does allege that he visited his local SSA office and met with defendant Napier, who refused the plaintiff's request that defendant Napier telephone the court in Palmer, Massachusetts (compl. ¶¶ 11-35). The plaintiff then alleges that he informed defendant Napier that he planned to sue him and the SSA for violating his constitutional rights (compl. ¶ 36). The plaintiff also alleges that he telephoned the court in Palmer, Massachusetts, and received more information about the warrant issued on February 17, 1998 (compl. ¶¶ 37-40). He provides no further information to establish that he has exhausted the avenues for relief outlined by the SSA's letter of August 29, 2005. Indeed, the time periods outlined by the letter have not expired; thus, this court must conclude that the plaintiff has neither pursued nor exhausted these opportunities for relief. Under these circumstances, the risk of irreparable harm to the plaintiff is low if the temporary restraining order is not issued.

Based on the foregoing, it is recommended that the plaintiff's motion for a temporary restraining order be denied.

                                                    s/William M. Catoe
                                                    United States Magistrate Judge

September 29, 2005

Greenville, South Carolina